O

# United States District Court
# Central District of California

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>LORENA CONTRERAS, an individual, N.C., a minor,<br><br>            Defendants. | Case No. 2:19-cv-00606-ODW (PLAx)<br><br>**ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR APPROVAL OF PETITIONS FOR MINORS' COMPROMISE [48, 55–58]** |

## I.   INTRODUCTION

Pending before the Court is an unopposed motion filed by Defendant Lorena Contreras ("Contreras") for approval of petitions for minors' compromise ("Motion"). (Mot. to Approve Minors' Compromise ("Mot."), ECF No. 55.)  In support of the Motion, Contreras filed two MC-350 forms (the "MC-350 Petitions") completed by Juan Contreras[1] (the "Guardian") on behalf of Contreras's minor children, N.C. and V.C.  (*See* MC-350 Pets., ECF Nos. 56, 57.)  Prior to filing the Motion, Contreras

---

[1] The Court previously appointed Juan Contreras as Guardian Ad Litem for Defendant N.C. (a minor) and non-party V.C. (a minor).  (ECF Nos. 39–40.)

requested disbursement of funds held by the Court, in accordance with the same minors' compromise proposed in the Motion. (Req. for Disb., ECF No. 48.)

Also pending before the Court is Contreras's application for (1) leave to file the proposed minors' trusts under seal, and (2) leave to file all future documents relating to the minors' trusts also under seal ("Application"). (*See* App. to File Sealed Docs. ("App."), ECF No. 58.)

For the reasons that follow, the Court **GRANTS in part** the Motion to approve the minors' compromise (ECF Nos. 55–57), **DENIES** the Application to file documents under seal (ECF No. 58), and **DENIES** without prejudice the Request for Disbursement (ECF No. 48).[2]

## II.   BACKGROUND

This case concerns the distribution of benefits paid under a life insurance policy (the "SGLI Coverage") provided by Plaintiff, The Prudential Insurance Company of America ("Prudential"). (*See* Order re Joint Stip. ("Stip. Order") ¶¶ 1–4, ECF No. 43.) By completing a form called a "Servicemembers' Group Life Insurance Election and Certificate" dated November 1, 2013 (the "SGLI Election Form"), the insured, Sgt. Jimmy F. Carias-Amaya, designated both his spouse (Contreras) and his daughter (N.C.) as primary beneficiaries of the SGLI Coverage, each to receive 100% shares of the benefits. (*See* Compl. Ex. A ("SGLI Election Form"), ECF No. 1-1; Stip. Order ¶ 4.) After the SGLI Election Form was filed, Sgt. Carias-Amaya and Contreras had a second child, V.C. (Decl. of Lorena Contreras ("Contreras Decl.") ¶ 3, ECF No. 48-1; Mot. 2.) After V.C. was born, but before updating the SGLI Election Form, Sgt. Carias-Amaya passed away. (Contreras Decl. ¶ 3; Mot. 2.)

Prudential brought the current interpleader action to determine how the policy benefits ought to be split between the two named beneficiaries, Contreras and N.C. (*See* Compl., ECF No. 1.) But Contreras maintains that even though V.C. was not

---

[2] After carefully considering the papers filed in connection with the Motion, Application, and Request, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

named as a defendant, Sgt. Carias-Amaya intended for Contreras, N.C., *and* V.C. to receive equal shares of the policy benefits as the *three* intended primary beneficiaries. (Contreras Decl. ¶ 3; Mot. 5–6.) Because Prudential has no interest in how the policy benefits ultimately get divided, it deposited the face value of the policy into the Court and has been discharged of all further liability to Defendants as to this matter. (*See* Stip. Order ¶¶ D–F.)

Without labeling it as such, the remaining parties (namely, Contreras, and the Guardian on behalf of N.C. (together, "Petitioners")) seek the Court's approval of what is effectively a proposed settlement agreement. Specifically, Contreras moves the Court to approve two petitions for minors' compromise filed by Contreras, on behalf of the Guardian, on behalf of N.C. and V.C. (*See* Mot.; MC-350 Pets.) In other words, Petitioners agree on how the funds at issue ought to be split, and they have coordinated in filing the present Request for Disbursement, Motion, MC-350 Petitions, and Application to file documents under seal. (*See generally* Req. for Disb.; Decl. of Juan Contreras ISO Req. for Disb., ECF No. 48-2; Mot.; Decl. of Juan Contreras ISO Mot., ECF No. 55-3; MC-350 Pets.; and App.)

### III.   DISCUSSION

Petitioners' Motion proposes a minors' compromise under which the policy benefits would be distributed in three equal shares amongst Contreras, N.C, and V.C. (*See* Mot.) Also included in the Motion is an explanation of the attorney's fees sought by Contreras's counsel ("Counsel"). (Mot. 8–9.) Further, Petitioners seek the Court's approval to file copies of the trusts (and any trust-related documents that will henceforth need to be filed) under seal. (*See* App.) And before any of these requests were made, Petitioners requested disbursement of the funds at issue in accordance with the same terms proposed in the Motion. (*See generally* Req. for Disb.) The Court addresses these requests in turn.

**A.     Motion to Approve the Minors' Compromise**

Local Rule 17-1.2 mandates that "[n]o claim in any action involving a minor . . . shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." C.D. Cal. L.R. 17-1.2. This rule reflects the general principle that "the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Consequently, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Id.* (internal citation omitted); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). For the reasons discussed below, the Court **GRANTS in part** the Motion to approve the proposed minors' compromise. (ECF No. 55–57.)

*1.     Petitioners Sufficiently Complied with California Rules of Court, Rules 7.950, 7.951, and 7.952*

State law governs a federal court's determination regarding the fairness of a settlement of a minor's claim. *Robidoux*, 638 F.3d at 1181. Under California law, a court has "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as [to] direct certain individuals to pay it." *Goldberg*, 23 Cal. App. 4th at 1382. For the Court to approve a minors' settlement or compromise, Local Rule 17-1.3 requires that "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor . . . shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. And California Rule of Court 3.1384 indicates that a petition for compromise of a minor's claim "must comply with [California Rules of Court] 7.950, 7.951, and 7.952." Cal. Rules of Court, Rule 3.1384.

In this case, Petitioners have complied with Rules 7.950, 7.951, and 7.952. First, Petitioners provided verified petitions for approval of the minors' compromise,

as required by California Rule of Court 7.950. (*See generally* MC-350 Petitions.) Second, Counsel has complied with California Rule of Court 7.951, which requires Counsel to disclose certain information regarding Counsel's interest in a petition to compromise a claim. (Decl. of Seth M. Goldberg ISO Mot. ("Goldberg Decl.") ¶ 6, ECF No. 55-1; *see also* Cal. Rules of Court, Rule 7.951; *see C.B. v. Sonora Sch. Dist.*, No. 1:09-CV-00285 OWW SMS, 2010 WL 703191, at *3–*4 (E.D. Cal. Feb. 25, 2010) (indicating that the court "reviewed the petition and [found] that it contain[ed] all the information required by . . . Rule 7.951").) Third, as explained in footnote 2, *supra*, the Court determined that good cause existed to decide the matter without a hearing, so analysis under California Rule of Court 7.952 is unnecessary. *See* Cal. Rules of Court, Rule 7.952 (stipulating that the Court for good cause may dispense with the hearing). Thus, Petitioners have complied with the established procedural rules required to petition the Court for approval of the minors' compromise.

   *2. The Net Recoveries to N.C. and V.C. are Fair and Reasonable*

   A court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest," and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." *S. W. v. Frey*, No. CV 09-06936 GAF (CTx), 2011 WL 13213587, at *2 (C.D. Cal. June 7, 2011). The Ninth Circuit has instructed that in cases involving the settlement of a minor's claim, courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and

reasonable . . . the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

In light of the facts of this case, the proposed minors' compromise is fair and warrants the Court's approval. The SGLI Election Form lists Contreras and N.C. as primary beneficiaries, each to receive 100% of the benefits. (*See generally* SGLI Election Form.) Contreras states that she and Sgt. Carias-Amaya discussed updating the SGLI Election Form after the birth of their second child, V.C., and that she believed that Sgt. Carias-Amaya had already updated the SGLI Election Form to reflect the agreement now sought by Petitioners. (Contreras Decl. ¶ 3.) No evidence (or argument) has been presented to contradict Contreras's Declaration.

The Court finds that, as Petitioners suggest, "the most logical presumption that can be inferred" from the SGLI Election Form is that Sgt. Carias-Amaya intended for the SGLI Coverage benefits to be shared equally amongst the primary beneficiaries. (Mot. 5.) Further, the Court finds that Petitioners' agreement to treat V.C. as a third primary beneficiary, thereby equally splitting the SGLI Coverage benefits three ways, is fair to both N.C. and V.C. in light of the circumstance that the SGLI Election Form was completed before V.C. was born. *See Chance v. Protective Life Ins. Co.*, No. 1:15-cv-01588-DAD-MJS, 2016 WL 900052, *1–*3 (E.D. Cal. Mar. 9, 2016) (approving a three-party agreement, involving two minors, to divide life insurance benefits into three equal shares).

The Court notes, however, that Petitioners' Motion seeks to have the Court *reform* Sgt. Carias-Amaya's insurance contract with Prudential. (Mot. 4–6.) Reformation is not available here, in part because Prudential has already fully discharged its duties under the contract, and there is nothing left to reform. *See Campbell v. Republic Indem. Co. of Am.*, 149 Cal. App. 2d 476, 480 (1957) ("[Reformation] *assumes the existence of a valid contract* which failed to express the actual intention of the parties and it *contemplates the continuance of the contractual relation* upon the basis which they truly intended." (emphasis added)). Accordingly,

the Court **DENIES** Contreras's request to reform the insurance contract between Sgt. Carias-Amaya and Prudential.

Regardless, the Court need not reform the insurance contract in order to approve a disbursement plan to which all parties agree. *See generally Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). Thus, for the reasons discussed, the court concludes that the proposed distribution adequately protects the interests of the minors, N.C. and V.C., and **APPROVES** the proposed plan for distribution of the policy benefits as outlined in the Motion and proposed minors' trusts (ECF Nos. 55–57.)

**B.     Counsel's Fees are Reasonable**

Next, the Court considers the amount of attorney's fees sought by Contreras' counsel. Local Rule 17-1.4 requires the Court to "fix the amount of attorney's fees" in "all actions involving the claim of a minor." *See* C.D. Cal. L.R. 17-1.4; *A.G.A. v. Cty. of Riverside*, No. EDCV 19-00077-VAP (SPX), 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019). "In all cases under [California] Code of Civil Procedure section 372 . . . the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor." Cal. Rules of Court, Rule 7.955(a)(1). Additionally, the Court may consider the fourteen nonexclusive factors outlined in California Rule of Court 7.955(b) in determining the reasonableness of an attorney's fees. *See Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc*, No. SA CV 09-718 PA (RNBx), 2010 WL 10105756, at *2–*3 (C.D. Cal. Mar. 29, 2010) (setting forth the requirements of Rule 7.955(a) and (b) and "conclud[ing] that based on the amount of time Plaintiffs' counsel devoted to this matter, the quality of his work, and the results obtained, the requested attorneys' fees and costs [we]re reasonable").

Here, Contreras submits that the fees Counsel seeks to recover from Contreras are fair and reasonable. (*See* Mot. 8–9.) Counsel also points out that, as counsel for Contreras but not the Guardian, he is only seeking attorney's fees from Contreras.

(Goldberg Decl. ¶ 6.)  Counsel declares that he is charging Contreras a discounted rate of $200 per hour, and his "fees and costs will not exceed $2,500.00." (Goldberg Decl. ¶¶ 5–6.)  Considering, among other things, the amount of policy benefits at issue, the Court finds that the relevant factors set forth in California Rule of Court 7.955 weigh in favor of approving the amount of fees sought by Counsel.  Thus, the Court **APPROVES** Counsel's attorney's fees insofar as they do not exceed a total of $2,500.00, including costs, and provided they are not paid out of the minors' portions of the policy benefits.

**C.     Application to File Documents Under Seal**

The Court now turns to Petitioners' Application to file documents under seal. (*See generally* App.)  "[N]o case or document may be filed under seal without first obtaining approval by the Court." C.D. Cal. L.R. 79-5.2.  "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations marks and citation omitted). Generally, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178–79 (alteration in original) (internal quotation marks and citations omitted).  However, where the documents or information the parties seek to file under seal are unrelated or only "tangentially related" to the underlying claims, the presumption of public access can be overcome simply by showing "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Furthermore, under this Court's rules governing applications to file under-seal documents in non-sealed civil cases, the request to seal must be "narrowly tailored to seal only the sealable material . . . ." C.D. Cal. L.R. 79-5.2.2(a)(ii).

Here, Petitioners assert that the minors' trusts contain personal identifying and

financial information of minors N.C. and V.C., and they should therefore be filed under seal out of concern for the minors' privacy and safety. (App. 3–6.) Petitioners also point out that California Rule of Court 2.503 limits access to "[r]ecords in proceedings to compromise the claims of a minor," and Federal Rule of Civil Procedure 5.2 states that "a filing with the court that contains . . . the name of an individual known to be a minor . . . may include only . . . the minor's initials." (App. 6–7.) Accordingly, Petitioners seek the Court's approval to file not only the minor's trusts under seal, but also all future documents related to the trusts that must be filed with the Court. (*See generally* App.)

As a preliminary matter, Petitioners' broader request to file all future trust-related documents under seal is vague and undefined. The Court is simply unable to speculate as to whether the request to seal future documents is "narrowly tailored to seal only the sealable material." *See* C.D. Cal. L.R. 79-5.2.2(a)(ii). Accordingly, Petitioners' application to file future trust-related documents under seal is **DENIED**. Petitioners are free to re-apply for the Court's approval to file future documents under seal, provided that such applications meet the procedural requirements of Local Rule 79-5 and are otherwise supported by compelling reasons and/or good cause.

With respect to the minors' trusts, after considering the Application and the arguments therein, the Court finds compelling reasons and good cause to seal the copies of the proposed minors' trusts. Problematically, though, Petitioners have failed to comply with the procedural requirements of Local Rule 79-5 in such ways that granting the Application would prove unworkable. Petitioners have already filed copies of the minors' trusts under seal, without the Court's approval and in violation of Local Rule 79-5. (Minors' Trusts, ECF Nos. 59–60.) Moreover, in what appears to have been a failed attempt to file *redacted* copies of the minors' trusts as exhibits to the Application in accordance with Local Rule 79-5.2.2(a)(iii), Petitioners attached *unredacted* copies of the minors' trusts to the Application, thereby placing the minors' private information in the public case file. (Minors' Trusts Attachs., ECF Nos. 58-4,

58-5.) Indeed, approving the Application to file the minors' trusts under seal, which have already been filed twice—once as publicly available documents, and once under seal without Court approval—would accomplish nothing.

In light of the Court's findings, however, and to most efficiently rectify Petitioners' blunders, the Court on its own motion directs the Clerk of Court to **SEAL all documents under ECF No. 58**, thereby excluding those documents from the public case file pursuant to Local Rule 5.2-2.2. Consequently, the Court **DENIES** the Application to file the minors' trusts under seal as moot. (ECF No. 58.) Further, the Court **STRIKES all documents filed under ECF Nos. 59–60** because they were improperly filed without the Court's approval and are, in any event, duplicative of attachments filed under ECF No. 58.

### D. Request for Disbursement

Lastly, the Court addresses Contreras's outstanding Request for Disbursement, which was filed on February 1, 2020. (ECF No. 48.) Notwithstanding this Request for Disbursement, it appears that Petitioners are waiting for the Court's approval of the proposed minors' compromise before establishing trust-regulated accounts on behalf of N.C. and V.C., into which the requested funds would be disbursed. (*See* Mot. 7.) As Petitioners acknowledge, the Court cannot disburse the funds into accounts that do not exist yet. Accordingly, the pending Request for Disbursement is **DENIED** without prejudice. (ECF No. 48.)

### V. CONCLUSION

In summary of the foregoing:

1. Petitioners' Motion to approve the minors' compromise is **GRANTED in part**, insofar as the Court **APPROVES** the proposed compromise and Counsel's attorney's fees but **DENIES** the request for reformation. (ECF Nos. 55–57.) Contreras, N.C., and V.C. shall each be entitled to one third of the Prudential Policy benefits.

2. The Clerk of Court shall **SEAL all documents under ECF No. 58** and **STRIKE all documents under ECF Nos. 59–60**. The Application to file documents under seal is **DENIED** as moot. (ECF No. 58.)

3. The Request for Disbursement is **DENIED** without prejudice. (ECF No. 48.)

4. The parties are **ORDERED** to file a new stipulated request for disbursement **within thirty (30) days** of the filing of this Order or submit a joint status report explaining why such a request has not been filed by that time. Failure to comply with this Order may result in dismissal of this action without prejudice for lack of prosecution.

**IT IS SO ORDERED.**

August 7, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**